IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DARNELL W. MOON,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:15-cv-00891-SMY |
| | ) |
| **HENRY RIVAS,** | ) |
| **M. NEUMANN,** | ) |
| **STEVEN CARDONA,** | ) |
| **G. BURGESS,** | ) |
| **J.S. WALTON,** | ) |
| **WENDY J. ROAL,** | ) |
| **CHARLES SAMUELS, JR.,** | ) |
| **THOMAS R. KANE,** | ) |
| **D. SCOTT DODRILL,** | ) |
| **BRIAN K. DAVIS,** | ) |
| **LESLIE SMITH,** | ) |
| **PAUL M. LAIRD,** | ) |
| **DAN SPROUL,** | ) |
| **CALVIN JOHNSON** | ) |
| **D. SCHIOVONE,** | ) |
| **APRIL CRUITT,** | ) |
| **STEPHEN COLT,** | ) |
| **T. CAPALDO,** | ) |
| **J. SIMMONS,**[1] | ) |
| **WILLIAM FALLS,** | ) |
| **JOHN BAIR,** | ) |
| **STEVE JULIAN, and** | ) |
| **JEFF BANEY,** | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Darnell Moon currently resides in Cape Girardeau, Missouri, but was previously incarcerated at the United States Penitentiary at Marion, Illinois. (Doc. 1 at 8.) Proceeding *pro*

---

[1] Moon named J. Simmons as a party in the list of defendants in his complaint, so the **CLERK** is **DIRECTED** to **ADD** J. Simmons to the caption.

*se*, Moon has filed a civil rights action pursuant to *Bivens* and the Administrative Procedure Act, alleging that his First Amendment rights were violated when he was banned from sending letters to inmates at Marion since his release from Marion and punished with incident reports for that same conduct. (*Id.* at 8-12.) Moon seeks injunctive relief and money damages. (*Id.* at 15-16.)

This matter is now before the Court for a preliminary review of Moon's complaint pursuant to 28 U.S.C. § 1915. Under § 1915, district courts must dismiss a case at any time if the case is frivolous or malicious, if the complaint fails to state a claim on which relief may be granted, or if the plaintiff seeks monetary relief against a defendant who is immune.

### Background

Moon was confined at the United States Penitentiary at Marion, Illinois from January 2012 to December 2013, and then transferred to a halfway house in Farmington, Missouri. (Doc. 1 at 10.) A few weeks after arriving at the halfway house, Moon wrote letters to several inmates he met during his time at Marion, saying that he missed his "Muslim brothers" and that, even though he was gone, he had not forgotten them. (*Id.*) A few days after those letters arrived at Marion, Moon says that Rivas, Burgess, Neumann, and Cardona reviewed the letters and then sent them to a counterterrorism unit for review. (*Id.* at 11.) The letters were passed along to Smith, Cruitt, Capaldo, Colt, Simmons, Falls, Bair, and Schiavone for analysis, but were ultimately not delivered to their intended recipients. (*Id.*) At the alleged direction of several officials (Laird, Nelson, Walton, Davis, Sproul, Johnson, Julian, Baney, and Garcia), a number of staff (Schiavone, Rivas, Neumann, Cardona, Colt, Capaldo, Cruitt, Simmons, and Falls) wrote Moon incident reports for sending the letters to the inmates at Marion. (*Id.* at 11-12.)

While the incident reports were purportedly "deleted" or "suspended" by an investigator assigned to Moon because the investigator had "no interest" in pursuing them, Moon claims that

he still wishes to send letters to inmates at Marion. (*Id.* at 11.) Moon says that he cannot send those letters due to the historical ban put in place against communications between inmates and former inmates by Samuels, Kane, Dodrill, Davis, Smith, Nelson, and Laird, and enforced by Schiavone, Cruitt, Capaldo, Colt, Simmons, Falls, Bair, Walton, Roal, Rivas, Neumann, Cardona, Burgess, Sproul, Johnson, Julian, Baney, and Garcia. (*Id.* at 11-12.)

On August 12, 2015, Moon filed a complaint in this Court. (*Id.* at 1.)

### Discussion

To facilitate the management of future proceedings, and in accordance with the objectives of Federal Rules of Civil Procedure 8 and 10, the Court finds it appropriate to break the claims in Moon's *pro se* complaint into numbered counts, as shown below. The parties and the Court will use these designations in all pleadings and orders, unless otherwise directed by the Court. The designation of these counts does not constitute an opinion as to their merit.

- **COUNT 1:** Samuels, Kane, Dodrill, Davis, Smith, Nelson, Laird, Schiavone, Cruitt, Capaldo, Colt, Simmons, Falls, Bair, Walton, Roal, Rivas, Neumann, Cardona, Burgess, Sproul, Johnson, Julian, Baney, and Garcia violated Moon's First Amendment rights by banning him from communicating with inmates at Marion or enforcing that ban via incident reports.

- **COUNT 2:** The policies, practices, and enforcement actions of Samuels, Kane, Dodrill, Davis, Smith, Nelson, Laird, Schiavone, Cruitt, Capaldo, Colt, Simmons, Falls, Bair, Walton, Roal, Rivas, Neumann, Cardona, Burgess, Sproul, Johnson, Julian, Baney, and Garcia have prevented Moon from sending correspondence to inmates at Marion, in violation of the Administrative Procedure Act, 5 U.S.C. § 702, *et seq*.

- **COUNT 3:** Neumann, Rivas, Cardona, Burgess, Walton, Julian, Sproul, Johnson, Baney, and Garcia inflicted severe emotional distress on Moon.

Although the complaint offers few details about which defendant did what with respect to Moon's mail issues, there is just enough pleaded to state an arguable First Amendment claim for purposes of screening. As such, **Count 1** will proceed as to Samuels, Kane, Dodrill, Davis,

Smith, Laird, Schiavone, Cruitt, Capaldo, Colt, Simmons, Falls, Bair, Walton, Roal, Rivas, Neumann, Cardona, Burgess, Sproul, Johnson, Julian, and Baney in their individual capacities under *Bivens*, and **Count 2** will proceed as an Administrative Procedures Act claim against the same defendants in their capacities as officials to the extent Moon seeks preliminary and permanent injunctive relief related to the former inmate mail policy.  However, **Count 1** and **Count 2** must be dismissed without prejudice as to Nelson and Garcia, as they are not named in Moon's caption or his list of defendants. As such, they cannot be considered parties to this case. *See* FED. R. CIV. P. 10(a) (caption of the case "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (defendant must be "specif[ied] in the caption").

Moon further alleges that Neumann, Rivas, Cardona, Burgess, Walton, Julian, Sproul, Johnson, Baney, and Garcia are liable for intentional infliction of emotional distress under Illinois law as a result of their actions in this matter (**Count 3**).  Where a district court has original jurisdiction over a civil action, as is the case here, it also has supplemental jurisdiction over related state claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the federal claims. *Wisconsin v. Ho–Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008).  Moon's emotional distress claim concerns the same facts as his federal claims, so supplemental jurisdiction over this claim is appropriate.

Under Illinois law, a plaintiff claiming intentional infliction of emotional distress must allege facts tending to show that the defendant intentionally or recklessly engaged in "extreme and outrageous conduct" that resulted in severe distress. *Sornberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1030 (7th Cir. 2006).  An intentional infliction of emotional distress claim has three components: the conduct involved must be extreme and outrageous; the actor must either intend that his conduct inflict severe emotional distress or know that there is a high probability

that his conduct will cause severe distress; and the conduct must in fact cause severe distress. *McGrath v. Fahey*, 533 N.E.2d 806, 809 (Ill. 1988).  To be actionable, the defendant's conduct "must go beyond all bounds of decency and be considered intolerable in a civilized community." *Honaker v. Smith*, 256 F.3d 477, 490 (7th Cir. 2001).  Liability for this kind of tort is reserved for those acts that are "truly outrageous" – that is, an "unwarranted intrusion" that is "calculated to cause severe emotional distress to a person of ordinary sensibilities." *Id.*

Under these standards, Moon's barebones allegations are insufficient to state an emotional distress claim.  While Moon makes a sweeping allegation in his complaint that all of the defendants "intentionally caused him emotional distress," many of the policies he complains of were allegedly put in place before he was a prisoner, making any intent to harm Moon by many of the defendants implausible.  Additionally, Moon's allegations as to this claim are generalized and conclusory.  He makes no effort to distinguish the actions of policy-makers from those of line employees, he does not describe his interactions with most of the defendants with any real detail, and he has set forth no allegations in support of his statement that he suffered distress.  Given these defects, his allegations do not offer the minimal "factual content" necessary to state a claim under *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and **Count 3** must be dismissed without prejudice.

Finally, in his complaint, Moon states he is seeking "all injunctive relief," both "preliminary and permanent," as is "necessary" related to the claims in this case.  The Court's preliminary review dictates that Plaintiff's request for injunctive relief deserves consideration.  Accordingly, pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c), Plaintiff's request for a preliminary injunction will be referred to Judge Frazier, who shall resolve the request and issue a report and recommendation.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 1** and **COUNT 2** shall **PROCEED** against **SAMUELS**, **KANE**, **DODRILL**, **DAVIS**, **SMITH**, **LAIRD**, **SCHIAVONE**, **CRUITT**, **CAPALDO**, **COLT**, **SIMMONS**, **FALLS**, **BAIR**, **WALTON**, **ROAL**, **RIVAS**, **NEUMANN**, **CARDONA**, **BURGESS**, **SPROUL**, **JOHNSON**, **JULIAN**, and **BANEY**.  **COUNT 1** and **COUNT 2** are **DISMISSED without prejudice** as to all other defendants.

**IT IS FURTHER ORDERED** that **COUNT 3** is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Service of Process at Government Expense (Doc. 5) is **GRANTED**.  Service will be ordered as indicated below.

The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Defendants **SAMUELS**, **KANE**, **DODRILL**, **DAVIS**, **SMITH**, **LAIRD**, **SCHIAVONE**, **CRUITT**, **CAPALDO**, **COLT**, **SIMMONS**, **FALLS**, **BAIR**, **WALTON**, **ROAL**, **RIVAS**, **NEUMANN**, **CARDONA**, **BURGESS**, **SPROUL**, **JOHNSON**, **JULIAN**, and **BANEY**; the Clerk shall issue the completed summons.  The United States Marshal **SHALL** serve Defendants **SAMUELS**, **KANE**, **DODRILL**, **DAVIS**, **SMITH**, **LAIRD**, **SCHIAVONE**, **CRUITT**, **CAPALDO**, **COLT**, **SIMMONS**, **FALLS**, **BAIR**, **WALTON**, **ROAL**, **RIVAS**, **NEUMANN**, **CARDONA**, **BURGESS**, **SPROUL**, **JOHNSON**, **JULIAN**, and **BANEY** pursuant to Rule 4(e) of the Federal Rules of Civil Procedure.[1]  All costs

---

[1] Rule 4(e) provides, "an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or law to receive service of process."

of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.

In addition, pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the complaint, and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the complaint, and this Memorandum and Order.

It is **FURTHER ORDERED** that Plaintiff shall serve upon Defendants, or if an appearance has been entered by counsel, upon that attorney, a copy of every pleading or other document submitted for consideration by this Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to each defendant or counsel.  Any paper received by a district judge or a magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are ordered to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Philip M. Frazier for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c), Plaintiff's pending request for preliminary injunctive relief is hereby **REFERRED** to Magistrate Judge Philip M. Frazier, who shall resolve the request for injunctive relief and issue a report and recommendation. The period for filing any objections to Magistrate Judge

Frazier's report and recommendation shall not exceed 14 days from the date of the report. Any motions filed after the date of this Order that relate to the request for injunctive relief or seek leave to amend the complaint are also **REFERRED** to Magistrate Judge Frazier.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Philip M. Frazier for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action.

**IT IS SO ORDERED.**

**DATED: September 14, 2015**

**s/ STACI M. YANDLE**
**STACI M. YANDLE**
**United States District Judge**
